TIMOTHY M. COUGHLAN

*v.*

STATE OF ILLINOIS.

*Opinion filed October 2, 1916.*

1. INHERITANCE TAX—*exemptions should be deducted in fixing rate.* Where the total estate amounts to $110,549.55, and there is an exemption of $20,000.00, the rate of the tax should be $1.00 on the hundred.

2. COURT OF CLAIMS—*not a court of review.* The Court of Claims is not vested with authority to review the action of another court in fixing an inheritance tax.

3. CONTINGENCIES—*happening of may authorize refund in certain cases.* Claimant paid a tax on $110,549.56, but by the happening of a contingency he inherited only $86,560.35. In such case he is entitled to a refund of the difference between the amount paid and the amount he should have paid.

4. INTEREST—*when allowed.* Where a tax has been fixed and the same paid, and the happening of an event changes the situation of the parties so that a lesser tax would be due, interest will be allowed on the excess paid from date of payment.

Arthur B. Wells, for Claimant.

P. J. Lucey, Attorney General, for State.

John Coughlan, the father of claimant, died September 29, 1909. Claimant inherited property to the value of $86,560.35, and this was increased for the purpose of taxation in the sum of $23,989.20, the value of property which claimant might have inherited had certain contingencies happened. But these contingencies have since become impossible, and it is now apparent that the entire estate inherited by claimant was of the amount as above set forth. Claimant paid a tax of 2% on an assessment of $110,549.56, less an exemption of $20,000.00 and further reduced by five per cent for payment within six months. The amount of the tax as assessed was $1,810.99, and the amount paid after deducting a discount of five per cent was $1,720.44.

Claimant should only have paid tax at the rate of one per cent instead of two per cent, and he is undoubtedly entitled to a refund of the tax on the value of contingencies which have become impossible, but the case presents the further question as to whether or not he is entitled to a refund of the excess one per cent that he paid on his own inheritance. No appeal was taken by claimant from the order of the County Judge assessing the tax at the rate of two per cent, and we have repeatedly held that in such case, we could not act as a court of review, and are precluded by the final order of the County Court.

But the language of section 25 of the inheritance tax law is to the effect that under such contingencies as exist in this case, claimant

"shall be entitled to a return of so much of the tax imposed and paid as is the difference between the amount paid and the amount which said person, corporation or institution should pay under the inheritance tax law, with interest thereon at the rate of three per cent per annum from the time of payment."

Claimant inherited only $86,560.35, the tax on which, after deducting exemptions of $20,000.00, would be $665.60, less the five per cent discount, or $632.27. Following the language of section 25 of the statute, we think it plain that claimant is entitled to a refund of the difference between the amount paid and $632.27, the amount he should have paid, and this case may be differentiated from those cases wherein we refused to allow a refund because of the payment on a two per cent basis, because we have here a statute which explicitly says that he is entitled to a refund between the amount paid, and the amount that he should pay, after the failure of the contingency.

The contingent estates which have become vested are each worth less than $20,000.00, and no tax can be assessed as against them.

Claimant is accordingly entitled to an award of the difference between $1,720.44, the amount paid, and $632.27, the amount he should have paid, or $1,088.17, to which should be added three per cent per annum under the provisions of the statute, from the time of payment of the tax to the time of the payment of refund.

It is accordingly the judgment of this Court that Claimant be awarded the sum of $1,088.17, with interest from March 25, 1910, at the rate of three per cent per annum.